Teammell,
dissenting While only $4,000 in cash was actually paid over to the taxpayer by Ms counsel in 1922, it is a well established principle of law that receipt by an agent is receipt by the principal. Maryland Casualty Co. v. United States, 251 U. S. 342. Of the $25,000 received by the attorney in 1922, $9,091 belonged to the taxpayer. The fact that it was not paid him by his attorney in 1922 is not material. The amount of the expenses and attorneys’ fees is deductible from gross income. They should be deducted when paid and not when incurred, since the taxpayer .was on the basis of cash receipts and disbursements. The expenses were not only not paid, but they were not determined and not determinable in 1922. While it is true that the attorney may have had a lien on the fund for his fees and expenses incurred by him in collecting it, such items are properly deductible by the taxpayer as ordinary and necessary expenses in the year when paid. The entire amount received by the attorney for the taxpayer was a part of the gross income of the taxpayer. Ordinarily, when such items of expense are paid out in the same years in which the amount was received, it would make no difference in the result whether such items be held to reduce gross income or be held deductible from gross income in determining net income. The fact that in this case it does make a difference should not prevent the application of what seems to be a plain provision of the statute. Expenses incurred in producing income do not reduce the amount of gross income but are deductible from gross income in determining net income.